UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TODD M. BOOK,<br><br>                              Plaintiff,<br><br>       v.<br><br>UNITED STATES OF AMERICA,<br><br>                              Defendant. | NO:  2:16-CV-0144-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

       BEFORE THE COURT is United States' Motion to Dismiss for Failure to

State a Claim (ECF No. 9).  This matter was submitted for consideration without

oral argument.  The Court has reviewed the briefing and the record and files

herein, and is fully informed.

BACKGROUND

       Plaintiff Todd M. Book ("Plaintiff") filed a Complaint, *see* ECF No. 6, on

May 12, 2016, alleging that he was erroneously prohibited from purchasing a

firearm.  Defendant United States ("Defendant") filed the instant motion to dismiss

this action for failure to state a claim upon which relief can be granted. ECF No. 9.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 1

1                                  FACTS

2        The following facts are drawn from Plaintiff's complaint, and are accepted as

3   true for purposes of the instant motion. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544,

4   556 (2007).

5        Plaintiff was involved in an altercation with his brother resulting in a

6   domestic violence allegation lodged against him by the City of Spokane.  ECF No.

7   6 at 2.  However, despite that allegation, Plaintiff pled guilty to one count of fourth

8   degree assault in Spokane City Municipal Court on October 20, 2009.  *Id.*  The

9   "Statement of Defendant on Plea of Guilty and Judgment and Sentence were both

10  marked to indicate that . . . [Plaintiff] would not lose his firearm rights."  *Id.* at 2-3.

11  In addition, the court stated on the record that Plaintiff would not lose his firearm

12  rights.  *Id.* at 3.  Based on these facts, Plaintiff asserts that he should not be

13  prohibited from firearm possession under Washington state law.  *Id.* at 4-5.

14  Plaintiff also asserts that federal law does not prohibit him from firearm possession

15  because his conviction is not a "misdemeanor crime of domestic violence" under

16  18 U.S.C. § 922(g)(9).  *Id.* at 4.

17       In December 2014, Plaintiff attempted to purchase a firearm.  *Id.* at 3.  The

18  National Instant Criminal Background Check Service ("NICS") initiated a

19  background check, and denied Plaintiff's application.  *Id.*  Between March 2015

20  and June 2, 2015, Plaintiff submitted several requests and supporting documents to

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 2

1  NICS to appeal the denial to no avail.  *Id.* at 3-4.  NICS repeatedly reported that

2  Washington state law prohibits Plaintiff from possessing a firearm.  *Id.*

3      Plaintiff asserts a single cause of action against Defendant pursuant to 18

4  U.S.C. § 925A, requesting that the Court order NICS to update Plaintiff's

5  application status to "proceed."  *Id.* at 5.

6                           **DISCUSSION**

7      **A. Standard of Review**

8      A motion to dismiss for failure to state a claim pursuant to Federal Rule of

9  Civil Procedure 12(b)(6) tests the legal sufficiency of a plaintiff's claims. *Navarro*

10 *v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). A complaint must contain a "short and

11 plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

12 Civ. P. 8(a)(2). To avoid dismissal under Rule 12(b)(6) for failure to state a claim,

13 a plaintiff must allege "sufficient factual matter . . . to state a claim to relief that is

14 plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In assessing

15 whether Rule 8(a)(2) has been satisfied, a court must first identify the elements of

16 the plaintiff's claim and then determine whether those elements could be proven on

17 the facts pled. *See Iqbal,* 556 U.S. at 675.

18     In this evaluation, the court should draw all reasonable inferences in the

19 plaintiff's favor, *see Sheppard v. David Evans & Assocs.,* 694 F.3d 1045, 1051 (9th

20 Cir. 2012), but it need not accept "naked assertions devoid of further factual

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 3

enhancement." *Iqbal,* 556 U.S. at 678 (internal quotations and citation omitted).

Dismissal is appropriate where the plaintiff fails to state a claim supportable by a

cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th

Cir. 1990) (citation omitted).

Here, Defendant seeks dismissal for Plaintiff's failure to state a claim upon

which the Court can provide relief, arguing that Plaintiff's state law conviction for

fourth degree assault qualifies as a prohibited offense under RCW 9.41.040(2)(a)(i)

and that 18 U.S.C. § 922(b)(2) prohibits a firearms transfer if such action would

violate state law.  *See* ECF No. 9 at 2-3.

**B. Analysis**

Under 18 U.S.C. § 925A, a person denied a firearm pursuant to subsection

(s) or (t) of section 922, may sue the United States (1) due to erroneous

information by the State or NICS, or (2) if the person was not prohibited from

possessing a firearm under subsection (g) or (n) of section 922.  A person may

petition a court for an order directing correction of the erroneous information, or

that the transfer of the firearm be approved. 18 U.S.C. § 925A.  Subsections (g)

and (n) of section 922 prohibit certain categories of persons from receipt or

possession of a firearm.

The NICS was established by the Brady Handgun Violence Prevention Act.

*See* Pub. L. 103-159, 107 Stat. 1536 (1993).  Congress empowered the Attorney

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 4

General to prescribe the regulations under which the NICS would function. *Id.* at

§ 103(h), 107 Stat. at 1542. As prescribed by law, an NICS background check is

required for the purchase of a firearm from any licensed importer, manufacturer, or

dealer. 18 U.S.C. § 922(t)(1).

Here, NICS denied Plaintiff's firearm purchase because Washington state

law precludes possession by a person convicted of fourth degree assault against a

family member. *See* § 922(t)(2); RCW 9.41.0401(2)(a)(i); ECF No. 6 at ¶¶ 5-7.

Plaintiff argues that NICS's denial is erroneous. *See* ECF No. 6 at 5. At the

outset, Plaintiff's Complaint does not explicitly state whether he was denied a

firearm due to erroneous information relied on by the State or NICS, or because he

was prohibited from receipt of a firearm under subsections (g) or (n) of section

922. *See* 18 U.S.C. § 925A. The Court will broadly construe Plaintiff's Complaint

and responsive briefing as essentially arguing both.

On one hand, Plaintiff asserts that federal law does not prohibit firearm

possession under § 922(g).[1] ECF No. 6 at ¶ 9. On the other, Plaintiff alleges that

Washington state law provides that he cannot be convicted of unlawful possession,

which "stands to reason" that it is not unlawful for him to possess a firearm under

---

[1]     Yet, the Court acknowledges Plaintiff's assertion that "this litigation

presents questions of Washington state law only." *See* ECF No. 10 at 2, n.1.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 5

1    state law. *See id.* at ¶¶ 10-11; ECF No. 10 at 4.  The Court examines each of

2    Plaintiff's theories in turn.

3        First, Plaintiff circuitously argues that the State or NICS relied on erroneous

4    information in denying his firearm purchase because Washington law does not

5    prohibit firearm possession when a sentencing court fails to inform a defendant of

6    the prohibition in writing or orally under RCW 9.41.047(1)(a).  *See* ECF No. 10 at

7    5.  Plaintiff primarily relies on *State v. Minor*, 162 Wash.2d 796, 804 (2008),

8    where a court's failure to check a box to indicate firearm prohibition affirmatively

9    misled the defendant to believe that he was not prohibited from possessing a

10   firearm.  There, the Washington Supreme Court reversed Minor's unlawful

11   possession of a firearm conviction and dismissed the underlying charge.  *Id.*

12   Plaintiff argues that *Minor* is directly on point and demonstrates that he cannot be

13   convicted of unlawful possession.  ECF No. 10 at 3-4.  From that springboard,

14   Plaintiff then makes the leap to conclude that it is not unlawful for him to purchase

15   or possess a firearm because he was not informed of the prohibition by the

16   Spokane Municipal Court.  *Id.*

17       Although the Court recognizes *Minor* for what it is worth, its holding is

18   neither on point nor applicable here.  *Minor* merely held that where the court

19   provided affirmative, misleading information upon which defendant relied,

20   defendant could not be convicted for unlawfully possessing a firearm.  *Minor*, 162

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 6

1   Wash.2d at 804.  In contrast, the Supreme Court in *Minor* distinguished *State v.*

2   *Carter*, 127 Wash.App. 713, 720-21 (2005) (rejecting argument that defendant was

3   affirmatively misled).  *Minor*, 162 Wash.2d at 803.  Later, the Washington

4   Supreme Court further clarified that this lack of notice is only an affirmative

5   defense to an unlawful firearms charge and that the State may rebut the defense by

6   showing that the defendant "otherwise [had] notice of the prohibition against

7   possession of firearms."  *State v. Breitung*, 173 Wash.2d 393, 404 (2011).  Plaintiff

8   is not challenging an unlawful possession conviction; he is merely attempting to

9   purchase a firearm.  That an unlawful possession conviction might be dismissed for

10   a court's failure to inform a defendant of his rights (whether orally, in writing, or

11   otherwise) does not support a finding that NICS erroneously denied Plaintiff the

12   right to purchase a firearm necessitating this Court to order erroneous information

13   be corrected under 18 U.S.C. § 925A(1).  Similarly, whether Plaintiff may have an

14   affirmative defense for unlawful firearm possession has no bearing on the Court's

15   analysis here, given that this is not a criminal proceeding charging Defendant with

16   unlawful firearm possession.

17       To the contrary, Plaintiff was convicted of fourth degree assault for an

18   altercation with his brother, a gross misdemeanor carrying a maximum term of 364

19   days in custody.  RCW 9A.36.041(2).  Under Washington law, it is unlawful to

20   possess a firearm if one family or household member has been convicted of assault

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 7

1    in the fourth degree against another family or household member.  RCW

2    9.41.040(2)(a)(i).  That is the case here.[2]  Accordingly, the Court finds that the

3    State and NICS did not rely on or provide erroneous information related to the

4    denial of Plaintiff's attempt to purchase a firearm.

5          As to Plaintiff's second theory—that federal law does not prohibit him from

6    firearm possession under section 922(g)—the Court finds that Plaintiff is correct in

7    that narrow respect.  A fourth degree assault conviction against a sibling does not

8    fall within the confines of 18 U.S.C. § 922(g)(9).  *See* § 921(33)(A) (defining the

9    scope of a misdemeanor crime of domestic violence to include current or former

10   spouse, parent or guardian, or person similarly situated).  Defendant concedes that

11   Plaintiff's fourth degree assault conviction does not qualify as a crime of domestic

12   violence under 18 U.S.C. § 922(g)(9).

13         Notwithstanding, Plaintiff's limited remedies under 18 U.S.C. § 925A are

14   either an order directing erroneous information be corrected or that the transfer be

15   approved.  Unless and until Plaintiff's state law conviction is overturned or his

16   rights restored,[3] the Court can accomplish neither.  For the reasons stated above,

---

[2]    Plaintiff is now on notice that his possession of a firearm is unlawful.

[3]    Plaintiff may petition the superior court to his have right to possess a firearm restored.  *See* RCW 9.41.047(3).

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 8

1    the Court finds that there is no erroneous information to correct.  The Court also

2    finds that it is precluded from ordering that the transfer be approved because the

3    sale of a firearm to Plaintiff is flatly prohibited under federal law regardless of

4    whether Plaintiff's conviction falls under 18 U.S.C. § 922(g)(9).  *See* 18 U.S.C.

5    § 922(b)(2) (prohibiting transfer to "any person in any State where the purchase or

6    possession by such person of such firearm would be in violation of any State

7    law . . .").  Licensed firearm dealers may not conduct transactions that violate state

8    law.  *Id.*  Likewise, NICS is only authorized to approve an applicant's firearm

9    purchase provided that such action would not violate state law.  *See* 18 U.S.C.

10   § 922(t)(2).

11         Accordingly, because Plaintiff has failed to state a claim for which the Court

12   may grant relief, Plaintiff's Complaint is **DISMISSED** with prejudice.  Moreover,

13   the Court dismisses Plaintiff's claim without leave to amend. While Plaintiff did

14   not request leave to amend, Federal Rule of Civil Procedure 15(a) provides that

15   leave to amend should be "freely give[n] . . . when justice so requires." Fed. R.

16   Civ. P. 15(a)(2).  However, in deciding whether leave to amend is appropriate, a

17   court must consider, *inter alia*, whether an amendment would be futile. *United*

18   *States v. Corinthian Colls.,* 655 F.3d 984, 995 (9th Cir. 2011); *Lopez v. Smith,* 203

19   F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to

20   amend even if no request to amend the pleading was made, *unless* it determines

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 9

1  that the pleading could not possibly be cured by the allegation of other facts.")

2  (internal citations omitted) (emphasis added).

3      Here, given that Plaintiff's Complaint could not possibly be cured by

4  allegation of other facts, the Court concludes amendment would be futile.

5      **ACCORDINGLY, IT IS ORDERED:**

6   1. Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 9) is

7      **GRANTED**.

8   2. Plaintiff's Complaint (ECF No. 6) is **DISMISSED with prejudice**.

9      The District Court Executive is hereby directed to enter this Order and

10  Judgment accordingly, furnish copies to counsel, and **CLOSE** the file.

11     **DATED** October 21, 2016.

12

13                 THOMAS O. RICE
                   Chief United States District Judge

14

15

16

17

18

19

20

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 10